**REDACTED**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA



Norfolk Division

| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:09cr70 |
|---|---|---|
| | ) | |
| | ) | 18 U.S.C. § 2251(a) |
| | ) | (Sexual Exploitation of Minor - Count 1) |
| | ) | |
| | ) | 18 U.S.C. § 2252A(a)(5)(B) |
| | ) | (Possession of Visual Depiction of |
| | ) | Minor Engaging in Sexually Explicit |
| | ) | Conduct - Count 2) |
| | ) | |
| | ) | 18 U.S.C. § 1512(b)(2)(B)(Witness |
| | ) | Tampering - Counts 3 and 5) |
| v. | ) | |
| | ) | 18 U.S.C. § 1512(b)(3)(Witness |
| | ) | Tampering - Counts 4 and 9-11) |
| | ) | |
| | ) | 18 U.S.C. § 2422(b)(Enticement of |
| | ) | Minor to Engage in Sexual Activity - |
| | ) | Counts 6-8) |
| | ) | |
| | ) | 18 U.S.C. § 1512(b)(1)(Witness |
| | ) | Tampering - Counts 12-14) |
| | ) | |
| SHAWN F. ENGLE | ) | 18 U.S.C. § 2253 (Criminal Forfeiture) |

**SUPERSEDING INDICTMENT**

August 2009 Term - at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

**General Allegations**

At all times material to this indictment:

1.  Defendant SHAWN F. ENGLE, who was then approximately 30 years old, used instrumentalities of interstate and foreign commerce to meet and to communicate with two teenage girls, among others.

2. K.M., a minor who was approximately 13 years old when she and defendant SHAWN F. ENGLE began communicating with one another, lived outside the Commonwealth of Virginia.

3. A.M., a minor who was approximately 16-17 years old when she and defendant SHAWN F. ENGLE began communicating with one another, lived outside the Commonwealth of Virginia.

4. Defendant SHAWN F. ENGLE communicated with K.M. and A.M. in interstate commerce using the telephone, telephone text messages, the United States mails, and by computer and the Internet.

5. On or about April 16, 2008 and on or about April 25-27, 2008, defendant SHAWN F. ENGLE traveled in interstate commerce to Pennsylvania to meet A.M.

6. On or about August 30, 2008, defendant SHAWN F. ENGLE traveled in interstate commerce to South Carolina to meet K.M. and brought her to Virginia Beach.

7. On or about October 24, 2008, defendant SHAWN F. ENGLE was arrested in Virginia Beach pursuant to a South Carolina arrest warrant charging him with kidnapping K.M. On or about October 27, 2008, defendant SHAWN F. ENGLE was also charged in Virginia Beach with having carnal knowledge, without the use of force, of K.M., a 13 year old child, and with abducting K.M., a child under the age of 16, for the purpose of concubinage or prostitution.

8. The general allegations contained in paragraphs 1 - 7 above are hereby realleged and incorporated by reference into counts one through fourteen below, as if fully set forth therein.

## **COUNT ONE**

On or about April 25 through April 27, 2008, in the Eastern District of Virginia and elsewhere, defendant SHAWN F. ENGLE did knowingly use, persuade, induce, and entice a female minor (A.M.) under the age of 18 to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, when defendant SHAWN F. ENGLE knew and had reason to know that such visual depiction would be, and later was, transported by him in interstate commerce into the Eastern District of Virginia between on or about April 27, 2008 and October 24, 2008, and which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 2251(a) & 2251(e).)

## COUNT TWO

On or about October 24, 2008, in Virginia Beach in the Eastern District of Virginia, defendant SHAWN F. ENGLE did knowingly possess a film, videotape, computer disk, and other materials, namely, an SD (SanDisk) memory card, which contained and which the defendant knew contained one or more images of child pornography, namely a visual depiction produced by involving and using a female minor (A.M.) engaging in sexually explicit conduct with defendant SHAWN F. ENGLE, which images had been shipped and transported in interstate commerce and which images had been produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 2252A(a)(5)(B), 2252A(b)(2), 2256(1), 2256(2), and 2256(8)(A).)

## COUNT THREE

On or about February 2, 2009, in Virginia Beach in the Eastern District of Virginia, defendant SHAWN F. ENGLE did knowingly and corruptly persuade and attempt to persuade another person, namely C.R., with intent to cause and to induce him to alter, destroy, mutilate, and conceal an object, namely, a personal computer, with intent to impair the object's integrity and availability for use in an official proceeding, namely, a federal grand jury investigation (John Doe No. N08-5113) into the activities of defendant SHAWN F. ENGLE; that is, in an undated letter, postmarked February 2, 2009, falsely purporting to be from "D. Fitzpatrick" to C.R., defendant SHAWN F. ENGLE wrote, among other things:

> I go under Federal charges on Monday. The F.B.I. has raided houses of everyone I know. Important, the thing that kept me up all night, get rid of it A.S.A.P. That's what they want, the 5 a.m. thing. I love you bro! Love you and [your son], please trash that totally!!! Completely trash it, make it, unuseable ever!"

(In violation of Title 18, United States Code, Section 1512(b)(2)(B).)

## COUNT FOUR

On or about February 17, 2009, in Virginia Beach in the Eastern District of Virginia, defendant SHAWN F. ENGLE did knowingly and corruptly persuade and attempt to persuade another person and engage in misleading conduct toward another person, namely C.R., with intent to hinder, delay, and prevent the communication to a law enforcement officer of information relating to the commission and possible commission of a federal offense by defendant SHAWN F. ENGLE; that is, in a letter dated February 15, 2009, falsely purporting to be from "Drake Fitzpatrick" to C.R., defendant SHAWN F. ENGLE wrote, among other things:

> Hey, what's up brother? Just got off the phone with you, yeah I really gotta watch what I, we say on this phone, because they listen and record everything to use against me. It sucks, you're right, life really sucks now compared to before. Definetly don't mention names on the phone. L.O.L. Yeah, I think they take all my mail here, cause I don't get any. Yeah, the detective and FBI lady Kim Wright are pretty much going to everyone on my phone and visiting list, lieing trying to get anyone to say something about [K.M.] or seeing her in Virginia or with me. Yeah, no one has seen her in Virginia, because she's never been to Virginia, none of my friends know her, have ever seen her, or know anything about her!!! That's all our statements. Her statement and mine state she's never been in Virginia. Yeah and the Russians are backing me, they come to visit, talk to me on the phone, just the cops lying to try to turn people against me. Just sucks. My friends are loyal though . . . Yep. Yep. Best thing to do is not know anything about any of this that's going on you know. Yeah, they can't find anyone to testify anything about her, no one's seen her around me, and she says she's never been to Virginia, so my lawyer thinks I'll get out in March and be able to sue the police for false charges.

(In violation of Title 18, United States Code, Section 1512(b)(3).)

## COUNT FIVE

On or about February 17, 2009, in Virginia Beach in the Eastern District of Virginia, defendant SHAWN F. ENGLE did knowingly and corruptly persuade and attempt to persuade another person, namely C.R., with intent to cause and to induce him to alter, destroy, mutilate, and conceal an object, namely, a personal computer, with intent to impair its integrity and availability for use in an official proceeding, namely, a federal grand jury investigation (John Doe No. N08-5113) into the activities of defendant SHAWN F. ENGLE; that is, in a letter dated February 16, 2009, falsely purporting to be from "Drake Fitzpatrick" to C.R., defendant SHAWN F. ENGLE wrote, among other things:

> Yeah, the 5 a.m. comp. hard drive is the one there. I just can't say it on the phone. Apparently they can pull anything ever done or any conversation ever talked on the comp. even if it's been deleted. And the one there is the one I met [A.M.] ooops on you know, so you gotta make sure they don't get that hard drive bro. Destroy it, or hide it somewhere else. L.O.L. Just make sure they don't get it. That's the only thing that could ever be used against me is the one there. But just make sure they don't get the one there in J's room brother! Thanks, bro, I'll talk to you later, love ya'll (you & [C.R.'s son]). Ocean's a good place for that hard drive L.O.L. Anyway, hopefully I'll be out of here next month, long as they don't get that comp. Yeah, and burn these letters after you read them, so they don't hit me with trying to destroy evidence or something. L.O.L.

(In violation of Title 18, United States Code, Section 1512(b)(2)(B).)

## COUNT SIX

On or about December 22, 2008, in Virginia Beach in the Eastern District of Virginia and elsewhere, defendant SHAWN F. ENGLE did knowingly use the mails to attempt to and to knowingly persuade, induce, and entice a female minor (K.M.) under the age of 18, to engage in sexual activity for which defendant SHAWN F. ENGLE could be charged with a criminal offense, namely, the violation of:

> (a) South Carolina Code, Section 16-3-655(B)(1), prohibiting knowingly engaging in a sexual battery, including sexual intercourse and cunnilingus, with a minor (K.M.) who was then between the age of eleven and fourteen; and
>
> (b) South Carolina Code, Section 16-15-140, prohibiting a person over the age of 14 from willfully and lewdly committing and attempting to commit a lewd and lascivious act upon and with the body of a child (K.M.) under the age of sixteen years, with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of himself and the child;

that is, defendant SHAWN F. ENGLE mailed a letter dated December 20, 2008, to K.M.'s home address in South Carolina with the greeting "Dear Supergirl."

(In violation of Title 18, United States Code, Section 2422(b).)

## COUNT SEVEN

On or about December 29, 2008, in Virginia Beach in the Eastern District of Virginia and elsewhere, defendant SHAWN F. ENGLE did knowingly use a means and facility of interstate commerce, namely, a telephone, to attempt to and to knowingly persuade, induce, and entice a female minor (K.M.) under the age of 18, to engage in sexual activity for which defendant SHAWN F. ENGLE could be charged with a criminal offense, namely, the violation of:

(a) South Carolina Code, Section 16-3-655(B)(1), prohibiting knowingly engaging in a sexual battery, including sexual intercourse and cunnilingus, with a minor (K.M.) who was then between the age of eleven and fourteen; and

(b) South Carolina Code, Section 16-15-140, prohibiting a person over the age of 14 from willfully and lewdly committing and attempting to commit a lewd and lascivious act upon and with the body of a child (K.M.) under the age of sixteen years, with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of himself and the child;

that is, defendant SHAWN F. ENGLE spoke by telephone with K.M.

(In violation of Title 18, United States Code, Section 2422(b).)

## **COUNT EIGHT**

On or about December 30, 2008, in Virginia Beach in the Eastern District of Virginia and elsewhere, defendant SHAWN F. ENGLE did knowingly use the mails to attempt to and to knowingly persuade, induce, and entice a female minor (K.M.) under the age of 18, to engage in sexual activity for which defendant SHAWN F. ENGLE could be charged with a criminal offense, namely, the violation of:

>(a) South Carolina Code, Section 16-3-655(B)(1), prohibiting knowingly engaging in a sexual battery, including sexual intercourse and cunnilingus, with a minor (K.M.) who was then between the age of eleven and fourteen; and

>(b) South Carolina Code, Section 16-15-140, prohibiting a person over the age of 14 from willfully and lewdly committing and attempting to commit a lewd and lascivious act upon and with the body of a child (K.M.) under the age of sixteen years, with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of himself and the child;

that is, defendant SHAWN F. ENGLE mailed a letter dated December 24 and 25, 2008, to K.M.'s home address in South Carolina with the greeting "Dear Supergirl."

(In violation of Title 18, United States Code, Section 2422(b).)

## COUNT NINE

On or about October 29, 2008, in Virginia Beach in the Eastern District of Virginia and elsewhere, defendant SHAWN F. ENGLE did knowingly and corruptly persuade and attempt to persuade another person, namely C.M. and K.M., with intent to hinder, delay, and prevent the communication to a law enforcement officer of information relating to the commission and possible commission of a federal offense; that is, in a telephone call with K.M.'s mother defendant SHAWN F. ENGLE advised her, among other things, that he needed a statement from [K.M.] indicating that she had never been to Virginia, which statement a relative of defendant SHAWN F. ENGLE later provided to the Federal Bureau of Investigation on or about January 27, 2009.

(In violation of Title 18, United States Code, Section 1512(b)(3).)

## COUNT TEN

In or about November 2008, the exact date being unknown, in Virginia Beach in the Eastern District of Virginia and elsewhere, defendant SHAWN F. ENGLE did knowingly and corruptly persuade and attempt to persuade another person, namely C.M. and K.M., with intent to hinder, delay, and prevent the communication to a law enforcement officer of information relating to the commission and possible commission of a federal offense; that is, in a letter dated November 18, 2008 with the greeting "Dear [C.]," defendant SHAWN F. ENGLE wrote, among other things:

> The most important statements I need are the ones from [K.M.] that Jim Perry forced her to sign a false statement, and the statement from her stating nothing ever happened between her and I. And the fact that she was never in Virginia.

(In violation of Title 18, United States Code, Section 1512(b)(3).)

## COUNT ELEVEN

In or about November 2008, the exact date being unknown, in Virginia Beach in the Eastern District of Virginia and elsewhere, defendant SHAWN F. ENGLE did knowingly and corruptly persuade and attempt to persuade another person, namely K.M., with intent to hinder, delay, and prevent the communication to a law enforcement officer of information relating to the commission and possible commission of a federal offense; that is, in a letter dated November 18, 2008 with the greeting "Dear Supergirl," defendant SHAWN F. ENGLE wrote, among other things:

> We'll make up our Holidays after I get out. I'm hoping that South Carolina drops the abduction charge and Virginia drops the sex charge on January 7th. If they don't, I'm in here for a few more months for trial, but they have no witnesses, no victims, nothing but the statement Jim Perry forced to have signed. And I hopefully will have the statement that said [K.M.] was never in Virginia, nothing ever happened between us, and that Jim Perry forced her to sign that stuff.

(In violation of Title 18, United States Code, Section 1512(b)(3).)

## COUNT TWELVE

On or about March 23, 2009, in Virginia Beach in the Eastern District of Virginia and elsewhere, defendant SHAWN F. ENGLE did knowingly and corruptly persuade and attempt to persuade another person, namely one or more of the residents (A.H., R.Z., D.A., T.L., and K.O.) at ▓▓▓▓▓▓▓▓▓▓, Virginia Beach, VA, with intent to influence, delay, and prevent the testimony of any person in an official proceeding, namely, a federal grand jury investigation (John Doe No. N08-5113) into the activities of defendant SHAWN F. ENGLE; that is, defendant SHAWN F. ENGLE mailed a letter dated March 23, 2009, directed to A.H., R.Z., D.A., T.L., and K.O., among others, with a title on the first page that read "FOR EVERYONE TO READ BEFORE TRIAL & TESTIFY."

(In violation of Title 18, United States Code, Section 1512(b)(1).)

## COUNT THIRTEEN

On or about March 24, 2009, in Virginia Beach in the Eastern District of Virginia and elsewhere, defendant SHAWN F. ENGLE did knowingly and corruptly persuade and attempt to persuade another person, namely one or more of the residents (A.H., R.Z., D.A., T.L., and K.O.) at ███████████, Virginia Beach, VA, with intent to influence, delay, and prevent the testimony of any person in an official proceeding, namely, a federal grand jury investigation (John Doe No. N08-5113) into the activities of defendant SHAWN F. ENGLE; that is, defendant SHAWN F. ENGLE mailed a letter dated March 24, 2009, to one or more of the above-noted residents which begins with the introduction "Hey everybody."

(In violation of Title 18, United States Code, Section 1512(b)(1).)

## COUNT FOURTEEN

On or about April 6, 2009, in Virginia Beach in the Eastern District of Virginia and elsewhere, defendant SHAWN F. ENGLE did knowingly and corruptly persuade and attempt to persuade another person, namely K.M., with intent to influence, delay, and prevent the testimony of any person in an official proceeding, namely, a proceeding before a court of the United States; that is, in a letter dated April 3, 2009 falsely purporting to be from "Drake Fitzpatrick" and falsely addressed to "Barbara Smith" with the greeting "[K.M.M.E.]," defendant SHAWN F. ENGLE wrote, among other things:

> If they bring [K.M.] to my trial, and she says she's never been to Virginia, never had sex with me, I never crossed any state line with her, never came to get her, they should dismiss my charges (truth☺). Or if they are unable to bring [K.M.] to my trial, before August 12th, they have to dismiss my charges. . . . I can't be charged in Virginia, because [K.M.]'s never been here. The F.B.I. may combine all charges for Virginia & S.C., but they are still all for [K.M.]. I've been in jail 6 months, & the only charges I have are for [K.M.]. . . . My whole life, our whole future, depends on what [K.M.] does and says!

(In violation of Title 18, United States Code, Section 1512(b)(1).)

## FORFEITURE ALLEGATION

Pursuant to Federal Rule of Criminal Procedure 32.2, the allegations contained in counts one and two of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 2253.

Upon conviction of violating Title 18, United States Code, Sections 2251(a) and 2252A(a)(5)(B) as charged in counts one and two above, defendant SHAWN F. ENGLE shall forfeit to the United States of America, any and all matter which contains visual depictions of child pornography produced, transported, shipped, received, and possessed in violation thereof, and any and all property used and intended to be used in any manner or part to commit and to promote the commission of the aforementioned violations.

Property subject to forfeiture consists of, but is not limited to, the following:

| ITEM |
| --- |
| A Mustek Video Camera, Model DV4SE |
| A 256k SD (SanDisk) Memory Card |

(In accordance with Title 18, United States Code, Section 2253.)

*United States v. Shawn F. Engle*, 2:09cr70

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

A TRUE BILL:

_____
FOREPERSON

Dana J. Boente
United States Attorney

By: _____
Robert J. Krask
Katherine Lee Martin
Assistant United States Attorneys
Attorneys for the United States
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
bob.krask@usdoj.gov
katherine.martin@usdoj.gov

18