IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

UNITED STATES OF AMERICA

      v.                                  CRIMINAL NO. 2:09cr70

SHAWN F. ENGLE,

      Defendant.

## **DEFENDANT'S MOTION TO SUPPRESS**

COMES NOW the Defendant, SHAWN F. ENGLE, by counsel, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, and moves this Honorable Court to enter an order suppressing all evidence seized by agents of the Federal Bureau of Investigation (FBI), and Virginia Beach Police Department officers (VBPD) from his automobile on October 24, 2008. The evidence includes a cell phone and cell phone records, and a portable video camera and memory cards, one of which contains a video constituting the evidence allegedly supporting Counts 1 and 2 of the indictment.

As grounds for this motion, the defendant submits that the evidence sought to be suppressed was obtained by the police in violation of his rights under the Fourth Amendment to the United States Constitution. Defendant asserts that the police made an illegal warrantless search of his car without either valid consent to search or probable cause to search. In support of said motion, defendant submits the following memorandum of law.

# DEFENDANT'S MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO SUPPRESS

In support of his motion to suppress evidence, defendant submits the following factual summary and arguments of law:

# FACTUAL SUMMARY

On October 24, 2009, Shawn F. Engle was arrested by special agents of the Federal Bureau of Investigation (FBI) and police officers from the Virginia Beach, Virginia Police Department, pursuant to an outstanding arrest warrant from the State of South Carolina, after he exited his vehicle that was parked in front of a private residence in Virginia Beach.

To the undersigned's knowledge and belief, Mr. Engle was ordered to his knees by the officers and handcuffed. One of the police officers removed the keys to Mr. Engle's car from around Mr. Engle's neck and walked over to Mr. Engle's vehicle, unlocked it, opened all four doors, and the back of the vehicle. Mr. Engle was stood up and placed against a police car and the police conducted a search of his person. He was then placed in the back of a police car. During this time, police officers were conducting a warrantless search of Mr. Engle's vehicle. Mr. Engle never gave consent to search the vehicle. The warrant for his arrest did not authorize or include a search warrant to search his vehicle for evidence relating to the offense for which he was being arrested. Among other items, police seized a portable video camera and memory cards, and a cell phone and cell phone records from the vehicle. Following the illegal search of the vehicle and seizure of the video camera and memory cards, the Virginia Beach police officers obtained a search warrant for the electronic devices they had illegally seized. According to the affidavit of FBI Special Agent K. A. Wright, one of the media cards contained a video approximately 45 minutes in length that depicted

Mr. Engle engaging in sexual acts and intercourse with a female that did **not** resemble any alleged victim of any offense under investigation.

On May 8, 2009, a federal grand jury in Norfolk, Virginia returned a 14-count indictment against Mr. Engle charging him with one count of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) (Count 1); one count of possession of visual depiction of minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2); three counts of witness tampering in violation of 18 U.S.C. § 1512(b)(2)(B) (Counts 3, 4, and 5); four counts of witness tampering in violation of 18 U.S.C. § 1512(b)(3) (Counts 4, 9, 10 and 11); three counts of enticement of minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) (Counts 6, 7 and 8); and three counts of witness tampering in violation ofo 18 U.S.C. § 1512(b)(1) (Counts 12, 13 1nd 14). On August 5, 2009, a superseding indictment was returned charging essentially the same counts. A trial by jury on the charges is set for September 15, 2009.

## Mr. Engle's Vehicle Was Unlawfully Searched

At the time that police officers began a search of Mr. Engle's vehicle which he had recently exited, there were no exigent circumstances which could have justified a warrantless search of the vehicle. Warrantless searches incident to arrest are justified by only two exigencies: "(1) the need to disarm the suspect in order to take him into custody, and (2) the need to preserve evidence for later use at trial." *Knowles v. Iowa*, 525 U.S. 113, 116 (1998); *accord Thornton v. United States*, 541 U.S.615, 623 n.3 (2004) (identifying exigencies as "the need to remove any weapon the arrestee might seek to use to resist arrest or to escape, and the need to prevent the concealment or destruction of evidence"); *Chimnel v. California*, 395 U.S. 752, 764 (1969) (identifying exigencies as (1) "the need to seize weapons and other things which might be used to assault an officer or effect an escape"

and (2) "the need to prevent the destruction of evidence of the crime-things"). The government bears the burden of proving the lawfulness of a search. *Mincey v. Arizona*, 437 U.S. 385, 390 (1978).

When the police officers began a search of Mr. Engle's vehicle, he had been secured and handcuffed behind his back, and placed in the back of a police car. A warrantless search is constitutionally permissible where it is based upon a validly given consent. The consent must be knowing and voluntary. *See, e.g., United States v. Mendenhall*, 446 U.S. 544, 557 (1980). There was no warrant to search Mr. Engle's vehicle. Mr. Engle never gave any of the officers consent to search his vehicle. Further, there was never an evidentiary basis for the search, that is, the police could not reasonably expect to find evidence in Mr. Engle's car related to the offense for which he was arrested. According to the facts of this case, the South Carolina arrest warrant was in connection with allegations that Mr. Engle had abducted a 13-year old. The minor that was the subject of the arrest warrant had been recovered on September 18, 2008, so there was no reason to expect that she or any other evidence was in the vehicle. *See Arizona v. Gant*, 129 S. Ct. 1710, 1713, 1716-1724 (2009) (police officers may search the passenger compartment of a vehicle incident to a recent occupant's arrest only if it is reasonable to believe that the arrestee might access the vehicle at the time of the search or that the vehicle contains evidence of the offense of arrest).

Defendant further submits that following the illegal search and seizure of the video camera and memory cards, Virginia Beach police officers obtained a search warrant for the camera and cards. However, all of the evidence obtained prior to the officers obtaining the search warrant is fruit of the poisonous tree and must be suppressed. *See Wong Sun v. United States*, 371 U.S. 471 (1963).

4

## **CONCLUSION**

The warrantless search of the vehicle was unconstitutional. All evidence seized as a result of the unlawful search must be suppressed. For the foregoing reasons, Mr. Engle respectfully requests that this court suppress all evidence discovered in the search of his vehicle.

Respectfully submitted,

SHAWN F. ENGLE

_____/s/_____
Richard J. Colgan
Virginia State Bar No. 19635
Attorney for Shawn F. Engle
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0808
Facsimile: 757-457-0880
Email Address: richard_colgan@fd.org

**CERTIFICATE OF SERVICE**

I certify that on the 10th day of August, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Robert J. Krask
Assistant United States Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, VA 23510
757-441-6331
757-441-6689
bob.krask@usdoj.gov

and to

Katherine Lee Martin
Assistant United States Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, VA 23510
757-441-6331
757-441-6689
katherine.martin@usdoj.gov

/s/
Richard J. Colgan
Virginia State Bar No. 19635
Attorney for Shawn F. Engle
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0808
Facsimile: 757-457-0880
Email Address: richard_colgan@fd.org