IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

UNITED STATES OF AMERICA

      v.                    CRIMINAL NO. 2:09cr70

SHAWN F. ENGLE,

      Defendant.

**DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT FOR LACK OF VENUE**

COMES NOW the Defendant, SHAWN F. ENGLE, by counsel, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, and moves this Honorable Court to dismiss Count One of the Indictment on the basis of lack of venue. In support of said motion, defendant submits the following memorandum of law.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

In support of his motion to dismiss Count One of the Indictment for lack of venue, Mr. Engle submits the following:

**FACTUAL SUMMARY**

On October 24, 2009, Shawn F. Engle was arrested by agents of the Federal Bureau of Investigation and police officers from the Virginia Beach, Virginia Police Department, pursuant to an outstanding arrest warrant for kidnaping and abduction from the State of South Carolina.

Among items seized from Mr. Engle's vehicle following his arrest was a portable video camera and memory cards, one of which contained a video that is the basis of the allegations in Count One of the indictment. Special Agent K. A. Wright of the Federal Bureau of Investigation prepared an affidavit in support of a criminal complaint charging Mr. Engle with violating 18 U.S.C.

§ 2252(a) and (2). In that affidavit, Agent Wright set forth allegations that Mr. Engle traveled to the State of Pennsylvania on or about April 25, 2009, where he engaged in sexual activity with a minor and videotaped that sexual activity. *See Wright Affidavit* at 3-4.

On May 8, 2009, a federal grand jury in Norfolk, Virginia retured a 14-count indictment against Mr. Engle which charged him with sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) (Count One), among other charges. On August 5, 2009, a superseding indictment was returned charging essentially the same counts.

Count One of the indictment charges that:

> "On or about April 25 through April 27, 2008, in the Eastern District of Virginia and elsewhere, defendant SHAWN F. ENGLE did knowingly use, persuade, induce, and entice a female minor (A.M.) under the age of 18 to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, when defendant SHAWN F. ENGLE knew and had reason to know that such visual depiction would be, and later was, transported by him in interstate commerce into the Eastern District of Virginia between on or about April 27, 2008 and October 24, 2008, and which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce.
>
> In violation of Title 18, United States Code, Sections 2251(a) and 2251(e)."

*Superseding Indictment ("Sup. Ind.")* at 3. The "General Allegations" section of the indictment alleges that "[o]n or about April 16, 2008 and on or about April 25-27, 2008, [Mr. Engle] traveled in interstate commerce to Pennsylvania to meet A.M." *Sup. Ind.* at 2. Neither the indictment, nor discovery materials received from the government, allege that any specific conduct prohibited by 18 U.S.C. § 2251(a), occurred in the Eastern District of Virginia. *See Sup. Ind.* at 1-2; *Wright Affidavit* at 2.

## ARGUMENT

A defendant has a right to have his case adjudicated in the appropriate venue, i.e., in the state and district where the crime with which he has been charged was committed. *U.S. CONST.* Art. III,

§ 2, cl. 3 (the "Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed"); *U.S. CONST.* Amend. VI (trial of criminal defendant shall be "by an impartial jury of the State and district wherein the crime shall have been committed"); *see also* FED. R. CRIM. P. 18 (". . . prosecution shall be had in a district in which the offense was committed"); *United States v. Rodriguez-Moreno*, 526 U.S. 275, 276-80 (1999); *United States v. Cabrales*, 524 U.S. 1, 5-7 (1998); *United States v. Wilson*, 262 F.3d 305, 320 (4th Cir. 2001). "When multiple counts are alleged in an indictment, venue must be proper on each count." *United States v. Robinson*, 275 F.3d 371, 378 (4th Cir. 2001). If challenged, the government must prove by a preponderance of the evidence that venue is proper. *See e.g., United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005).

Section 2251(a) of Title 18 of the United States Code provides, in part:

> Any person who employs, uses, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, . . . shall be punished as provided under subsection (e), if such person known or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate . . . if that visual depiction was produced . . . using materials that have been mailed, shipped, or transported in . . . interstate or foreign commerce . . . .

According to the discovery materials supplied by the United States, the offense charged in Count One is based upon conduct which allegedly occurred in the States of Pennsylvania on or about April 25 through April 27, 2008.

There appears to be no evidence of conduct within the Eastern District of Virginia, that would constitute a violation of 18 U.S.C. § 2251(a), i.e., use, persuasion, inducement, and enticement of a female minor under the age of 18 to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct. Therefore, venue is **not** proper in the Eastern District of Virginia. Accordingly the court should dismiss Count One of the Indictment.

The government may elect to rely upon the unpublished Fourth Circuit case of *United States v. Reigle*, 228 Fed. Appx, 353, 2007 WL 1560015 (4th Cir. 2007), in support of any argument that venue is appropriate for prosecution in the Eastern District of Virginia. *Reigle* is distinguishable from the instant case in that Reigle created visual depictions of victims in his home in Pennsylvania that were discovered on, and downloaded to, computer in Maryland. The government established that the images were downloaded from the internet onto the computer. However, the video allegedly produced in the instant case would have been produced in Pennsylvania, but remained on the camera's hard drive or memory card. The instant case did not involve the discovery or download of any depiction from a computer in the Eastern District of Virginia. So far, the government has not shown by a preponderance of the evidence that venue is proper in the Eastern District of Virginia.

## **CONCLUSION**

WHEREFORE, Mr. Engle respectfully requests that this court grant his motion to dismiss Count One of the Indictment.

Respectfully submitted,

SHAWN F. ENGLE

_____/s/_____
Richard J. Colgan
Virginia State Bar No. 19635
Attorney for Shawn F. Engle
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0808
Facsimile: 757-457-0880
Email Address: richard_colgan@fd.org

**CERTIFICATE OF SERVICE**

I certify that on the 10th day of August, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Robert J. Krask
Assistant United States Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, VA 23510
757-441-6331
757-441-6689
bob.krask@usdoj.gov

and to

Katherine Lee Martin
Assistant United States Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, VA 23510
757-441-6331
757-441-6689
katherine.martin@usdoj.gov

/s/
Richard J. Colgan
Virginia State Bar No. 19635
Attorney for Shawn F. Engle
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0808
Facsimile: 757-457-0880
Email Address: richard_colgan@fd.org