

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:09cr70 |
| | ) |
| SHAWN F. ENGLE | ) |

## STATEMENT OF FACTS

If this matter had gone to trial, the United States would have proven the charges contained in counts one, four, and six of the superseding indictment beyond a reasonable doubt, by proof of the following facts, among others:

After meeting a Pennsylvania minor (A.M.) on the Internet in 2008 and then communicating with her by telephone text messages, defendant SHAWN F. ENGLE traveled to Pennsylvania on two occasions in April 2008 to visit her. On his first visit to Pennsylvania on April 16, 2008, ENGLE picked up the minor from her high school, took her to a motel, provided her with alcohol, and, according to ENGLE engaged in sexual activity. Nine days later, ENGLE returned to Pennsylvania on the weekend of April 25-27, 2008. He again picked up the then seventeen year old minor, provided her with alcohol and took her to a motel room, and encouraged and induced her to engage in sexual activity. ENGLE used a video camera that he brought along for the trip to film the minor engaging in sexual acts with him, which acts constituted "sexually explicit conduct" as defined in Title 18, United States Code, Section 2256(2). Defendant ENGLE then returned with the video camera to the Eastern District of Virginia, as charged in count one of the superseding indictment.

On October 24, 2008 in Virginia Beach, VA, investigators with the Virginia Beach Police Department recovered the video camera from defendant ENGLE's vehicle, following his arrest upon an outstanding warrant from South Carolina. Investigators searched the camera pursuant to a court-authorized warrant and found that it contained an SD memory card, which contained the above-described video involving the minor and defendant ENGLE.

Months before his October 2008 arrest, defendant ENGLE also entered into a personal relationship with another minor (K.M.), who lived in South Carolina and was thirteen years old at the time of the events described herein. On August 30, 2008, defendant ENGLE traveled to South Carolina and picked up this minor, who was running away from home after a family crisis. Defendant ENGLE then brought this minor to a house on Westgrove Road in Virginia Beach, where he occasionally stayed with acquaintances. While there, ENGLE introduced this minor to his acquaintances as his "girlfriend," ~~and engaged in sexual activity and intercourse with the minor~~. Approximately one week later, ENGLE transported the minor to his mother's house in Gates County, North Carolina, where the minor was eventually recovered by Gates County authorities on or about September 16, 2008.

Following his late October 2008 arrest, defendant ENGLE was charged in Virginia Beach with having carnal knowledge of K.M. and with abducting her for immoral purposes. While detained and awaiting trial, ENGLE learned that the FBI was investigating him for violating federal law and wrote the letter described in count four and dated February 15, 2009 to a friend who knew of ENGLE's relationship with K.M. ENGLE disguised this letter by sending it in an envelope that contained a return address naming another Virginia Beach inmate as the sender. In the letter, ENGLE told the friend about the FBI investigation and knowingly attempted to

2

corruptly persuade the friend not to tell the FBI what he knew about ENGLE's involvement with K.M, with intent to hinder, delay, and prevent the communication to a federal law enforcement officer of information relating to the commission of a federal offense. Instead, defendant ENGLE suggested that the friend falsely indicate that he knew nothing about K.M. or her presence in Virginia.

Defendant ENGLE also wrote letters from the Virginia Beach city jail and sent them via U.S. mail to K.M. in South Carolina as noted, for example, in count six. South Carolina investigators recovered one such letter, dated December 20, 2008, from K.M.'s home in South Carolina. In this letter, defendant ENGLE attempted to induce and to entice K.M., who he then knew was thirteen years old, to engage in sexual activity that, if consummated, could have resulted in ENGLE's prosecution for violating the South Carolina laws set forth in count six. In the letter, the then thirty-one year old ENGLE discussed: 1) his love for his "baby girl" and about how "sexy hot" she was; 2) his plans for immediately returning to South Carolina to his "soulmate" if his charges were dismissed at an upcoming preliminary hearing in early January 2009 and how he "never want[s] to be apart from [her] ever;" 3) how much he liked shaving and licking her and that he wants to "kiss and lick [her] all over;" 4) how great things would be when they were married; and 5) how, because he had been "unexploded for . . . 3 months," it would "incredible" when he returned back to K.M.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: *[signature]*

Robert J. Krask
Assistant United States Attorney

3

After consulting with my attorney, I hereby stipulate that the above statement of facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

*Shawn F. Engle*
SHAWN F. ENGLE
Defendant

I am SHAWN F. ENGLE's attorney. I have carefully reviewed the above statement of facts with the defendant. To my knowledge, the defendant's decision to stipulate to these facts is an informed and voluntary one.

*Richard J. Colgan*
Richard J. Colgan
Assistant Federal Public Defender

4

RJK
S.F.E.