IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:09cr70 |
| | ) | |
| v. | ) | |
| | ) | |
| SHAWN F. ENGLE | ) | |

RESPONSE OF THE UNITED STATES
TO THE DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

The United States of America, by and through its attorneys, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, and Robert J. Krask, Assistant United States Attorney, responds to defendant Shawn Engle's motion to withdraw guilty plea as follows.

BACKGROUND

Defendant Shawn Engle currently awaits sentencing on November 30, 2009. On August 31, 2009, fifteen days before the scheduled start of his September 15th trial, Engle appeared before the Court at a plea hearing. After a lengthy colloquy, during which the Court advised Engle of his rights, questioned him, and ensured that he was acting knowingly and voluntarily, Engle tendered pleas of guilty to counts one, four, and six of the superseding indictment and admitted that he was entering those pleas because he was, in fact, guilty of the offenses charged therein. Plea Transcript ("Plea Tr.") at 27-30. Engle further admitted that the facts set forth in written statement of facts (which were recited and discussed in open court during the plea hearing) were true. Plea Tr. at 32-39.

The United States and defendant Engle entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. This agreement specified an agreed

upon sentencing range of 15-20 years incarceration (to be determined by the Court) followed by a lifetime term of supervised release. During the plea hearing, the Court ordered the plea agreement filed pending acceptance of the guilty plea. Plea Tr. 13. The Court advised Engle that the agreement was binding, if accepted, and noted that, if the Court rejected the agreement, then Engle could withdraw from it and would be entitled to a trial. Plea Tr. 14. Noting its general inclination to accept Rule 11(c)(1)(C) pleas, the Court stated that it did not "want to accept the plea agreement at this time," so that it could review a presentence report and Engle's history in order to determine "whether the sentence agreed upon by the parties represents the appropriate disposition of the case . . . ." Plea Tr. 15.

Further in the plea colloquy and before Engle pled guilty, the Court advised Engle that "you can withdraw your plea at any time because I haven't accepted your plea yet . . . ." Plea Tr. 22. After Engle tendered his guilty pleas and admitted that the facts offered in support of the pleas were true, the Court stated that it was "going to wait for the presentence report" and that it would postpone "a determination . . . whether to accept the guilty plea" until the time of sentencing. Plea Tr. 39.

On September 24, 2009, defendant Engle filed a motion to withdraw his guilty pleas and offered no reasons in support of his request.

## DISCUSSION

The determination of the proper standard to apply to a defendant's request to withdraw a guilty plea before sentencing turns upon whether a court has accepted the plea. Once a court accepts the plea, the defendant may only withdraw it if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Before the court accepts a guilty plea,

however, a defendant may withdraw that plea "for any reason or no reason . . . ." Fed. R. Crim. P. 11(d)(1).

In applying these standards, it is important to distinguish between acceptance of the guilty plea and acceptance of a plea agreement accompanying such a plea. A court may accept a guilty plea but defer acceptance of the plea agreement. *United States v. Hyde*, 520 U.S. 670, 674 (1997)("Guilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time."). When this occurs (in a case where a court does not later reject the plea agreement), the Supreme Court ruled in *Hyde* that requests to withdraw pleas are governed by the "fair and just reason" standard noted above.

In *United States v. Battle*, 499 F.3d 315 (4th Cir. 2007), the Fourth Circuit considered what constitutes acceptance of a guilty plea in an appeal challenging the denial of a motion to withdraw a plea. In *Battle*, the trial court "provisionally accepted" but deferred final acceptance of the plea and the adjudication of guilt until it had received and reviewed the presentence report. 499 F.3d at 318. After receiving the presentence report, the defendant moved to withdraw his plea and the district court denied the motion applying the "fair and just reason" standard set forth in Rule 11(d)(2)(B). *Id.*; *see also United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)(discussing applicable six factor test governing request to withdraw plea). On appeal, the defendant asserted that the trial court failed to accept his plea and that he was unconditionally entitled to withdraw it. *Battle*, 499 F.3d at 317.

The Fourth Circuit rejected this claim, found that the guilty plea had been accepted, and declined to require the stating of "talismanic 'magic words'" in accepting a plea. *Id.* at 321-22. In so ruling, the Court noted that the appellant's request to withdraw his plea, without

3

precondition, diminished the significance of the Rule 11 colloquy. *Id.* ("It makes little sense to permit an unconditional withdrawal of a guilty plea after the colloquy has been conducted, especially when the district court has informed the defendant of the consequences of pleading guilty and the defendant has no reason to believe he could withdraw the plea at a later date for any reason."). *Id.* at 321. Accordingly, the Fourth Circuit held that a properly conducted and completed Rule 11 colloquy creates a presumption that a guilty plea has been accepted, which a defendant may presumably seek to rebut by facts showing that a court neither expressly nor impliedly accepted the plea. *Id.* These rules that govern the defendant's motion.

Although the United States suspects that the Court desired to accept the guilty plea and to defer acceptance of the plea agreement, the record fails to definitively support such a conclusion. To the contrary, and in spite of the Court's thorough and searching Rule 11 colloquy, the Court advised the parties that it was postponing acceptance of the plea itself – rather than just the terms of the plea agreement – pending receipt and review of the presentence report. Plea Tr. 22 and 39. Under such circumstances, it appears that defendant Engle may seek to withdraw his guilty plea without having to establish a fair and just reason for such a cynical and cavalier course of action.

Before ruling upon Engle's motion, however, the United States requests that the Court schedule the matter for a hearing for several reasons. First, at such a hearing, it would be prudent for the Court to conduct another thorough colloquy of the defendant concerning his request and the consequences associated with it. Those consequences include, for example, renewed exposure to a possible sentence of life in jail should the defendant be convicted at trial of just one of the charges contained in counts six through eight of the superseding indictment. Second, it is likely that, if defendant Engle withdraws his pleas and is convicted at trial, he will later file a

4

section 2255 motion claiming that he truly wanted to accept the current plea agreement, but was prevented from doing so for one reason or another.

Third, it is important to impress upon defendant Engle the gravity of his actions and his statements to the Court. The Court had set a trial date on its busy calendar, over thirty witnesses had been subpoenaed, and substantial government resources were expended preparing the matter for trial. Indeed, the trial of this matter would be completed by now, but for defendant Engle's decision to enter into a plea agreement with the United States and his solemn statements under oath to the Court on August 31, 2009 that he desired to plead guilty because he was, in fact, guilty. Engle apparently thinks that he can "game" the system, breech his plea agreement, and turn his back upon words to the Court without consequence or explanation. But his actions affect not only the Court and the United States, but also the victims of his crimes and their families. Victims and their family members who reasonably thought that they could put this very difficult matter behind them and get on with their lives will have to be told that they were deceived and will have to begin this process anew. Defendant Engle's actions have consequences and, should the defendant withdraw his plea and later be convicted at trial, the United States will ask the Court to hold him accountable for such consequences.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court hold a hearing upon the defendant's motion to withdraw guilty plea.

    Respectfully submitted,

    Neil H. MacBride
    United States Attorney

By:    /s/
    Robert J. Krask
    Assistant United States Attorney
    Attorney for the United States
    United States Attorney's Office
    8000 World Trade Center
    101 West Main Street
    Norfolk, VA 23510
    Phone: (757) 441-6331
    Fax: (757) 441-6689
    bob.krask@usdoj.gov

CERTIFICATE OF SERVICE

I certify under penalty of perjury on this 5th day of OCTOBER 2009, that I electronically filed the foregoing "RESPONSE OF THE UNITED STATES TO THE DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA" with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

RICHARD J. COLGAN
LARRY M. DASH
Assistant Federal Public Defenders
Federal Public Defender's Office
150 Boush Street, Suite 403
Norfolk, VA 23510
richard_colgan@fd.org
larry_dash@fd.org

\_\_\_/s/_____
Robert J. Krask
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
Phone: (757) 441-6331
Fax: (757) 441-6689
bob.krask@usdoj.gov