Name: Shawn Forrest Engle

Prison Number: 58772-083

Place of Confinement: United States Penitentiary

P.O. Box 24550

Tucson, Arizona 85734


UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
VIRGINIA, NORFOLK DIVISION


| UNITED STATES | Case No. 4th Cir. |
|---|---|
| V. | No. 10-4850, E.D. |
| SHAWN FORREST ENGLE | Va. No. 2:09CR070 |


MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL
CUSTODY

Page 1

# MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court for the Eastern District of Virginia, Norfolk Division Walter E. Hoffman United States Courthouse 600 Granby Street Norfolk, Virginia 23510-1915

   (b) Criminal docket or case number (if known): 4th Cir. No. 10-4850, E.D. Va. No. 2:09CR070

2. (a) Date of judgment of conviction (if known): Jury Trial Conviction = March 5, 2010 — Judgment of conviction entered July 23, 2010

(b) Date of sentencing: July 12, 2010

3. Length of sentence: 480 Months

4. Nature of crime (all counts): Count One:
18 U.S.C. §2251(a) = Sexual Exploitation of a Minor;
Counts Three and Five = 18 U.S.C. §1512(b)(2)(B) =
Witness Tampering; Counts Four and Nine
thru Eleven = 18 U.S.C. §1512(b)(3) = Witness
Tampering; Counts Six thru Eight = 18 U.S.C.
§2242(b) = Enticement of a Minor to
Engage in Sexual Activity; Counts Twelve
thru Fourteen = 18 U.S.C. §1512(b)(1) =
Witness Tampering; and 18 U.S.C. §2253 =
Criminal Forfeiture

5. (a) What was your plea?
   (1) Not Guilty: ✓

6. If you went to trial, what kind of trial did you have?
    (a) Jury : ✓

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? No : ✓

8. Did you appeal from the judgment of conviction? Yes : ✓

9. If you did appeal, answer the following:
(a) Name of court : United States Court of Appeals For the Fourth Circuit
(b) Docket or case number : No. 10-4850
(c) Result : Based on the grounds presented by Defense Counsel, Mr. Engle lost his appeal, and the judgment of the district court was affirmed.

(d) Date of result: February 29, 2012

(e) Citation to the case (if known): Unknown

(f) Grounds raised: One = Because venue for count one did not properly lie in Virginia, the District Court Erred in denying Mr. Engle's Motion to Dismiss Count One.

Two = Because there was Insufficient evidence presented at trial that Mr. Engle took any "Substantial Step" to violate 18 U.S.C. §2242 (b), the District Court Erred in denying Mr. Engle's Rule 29 Motion on the attempted enticement charges in Counts Six, Seven, and Eight.

Three = The District Court Plainly Erred in Not providing an opportunity for Mr. Engle to Allocute before announcing the sentence.

(g) Did you file a petition for certiorari in the United States Supreme Court?
Yes: ✓

If "Yes" answer the following:

(1) Docket or case number: Unknown

(2) Result: Based on the grounds raised by Defense Counsel, the United States Supreme Court denied hearing Mr. Engle's appeal, and denied Mr. Engle's petition for writ of certiorari.

(3) Date of result: October 1, 2012

(4) Citation to the case: Unknown

(5) Grounds raised: Improper Venue on Count One.

10. Other than the direct appeals

listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

No: ✓

11. NA

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Ineffective Assistance of Counsel — Defense

Counsel's performance fell below an objective standard of reasonableness when they failed to raise certain facts during Mr. Engle's pre-trial Supression Hearing.

Mr. Engle was prejudiced by defense counsel's ineffectiveness by the fact that certain items were not supressed; and therefore used by the government to charge Mr. Engle with Count One in the indictment, and used as key evidence by the government to convict Mr. Engle of Count One; which increased Mr. Engle's sentencing guidelines, and Mr. Engle was sentenced to 360 months on Count One, and fined a $100.00 Special Assessment Fee.

(a) Supporting facts: (1) Without the

evidence, Count One would have been dismissed, and the outcome of the trial would have been different.

(2) Mr. Engle has a right to be free from illegal search and seizure by government authorities.

(3) Mr. Engle has a right to effective assistance of counsel.

(4) Mr. Engle was taken into police custody.

(5) There was no issue of officer, or public safety.

(6) The arrest scene of Mr. Engle was well secure.

(7) The alleged victim K.M. was recovered five weeks prior to Mr. Engle's arrest.

(8) There was no credible justification to search or impound Mr. Engle's

vehicle based on an outstanding South Carolina kidnapping warrant.

(9) Mr. Engle's vehicle was legally parked on private property (which Mr. Engle lived at, and paid rent for October 2008), and securely locked up.

(10) Mr. Engle lived at, and paid rent at 4817 Westgrove. Mr. Engle was working for Adam Howard (who lived at 4817 Westgrove with Mr. Engle), and Mr. Howard kept Mr. Engle's last paycheck to cover Mr. Engle's share of Rent and Utilities for the end of October 2008 thru the middle of November 2008.

(11) The vehicle inventory search that was being conducted by V.B.P.O. Shank was stopped, and a warrantless evidence search was begun by V.B.P.

Detective Everette.

(12) During the same time frame as the questionable search of Mr. Engle's lawfully parked vehicle, V.B.P.O. Shank was reprimanded, and forced to undergo retraining for vehicle searches, due to conducting improper vehicle searches.

(13) V.B.P.O. Shank had a large time frame to conduct a search of Mr. Engle's vehicle prior to the arrival of V.B.P. Detective Everette, and did not locate the video camera from Count One of the indictment. V.B.P.O. Shank's own inventory form lists that he had already inventoried the suitcase the video camera was in, and did not find the video camera. The inventory form lists that V.B.P.O.

Shank had already moved on to items in the other sections of Mr. Engle's vehicle, prior to being stopped by V.B.P. Detective Everette, who began a warrantless evidence search. V.B.P.O. Shank did not, and would not have found the video camera.

(14) V.B.P. Detective Everette testified that he did not open the video camera when he took it; however he listed the S.D. memory card from inside the video camera on his evidence form.

(15) Defense counsel did not allow Mr. Engle to testify at the supression hearing.

(16) Defense counsel did not supeona Adam Howard to question him as to keeping Mr. Engle's last paycheck to

cover Mr. Engle's share of rent and utilities.

(17) Defense counsel did not subpoena Mary McLeod (who is listed on the vehicle in question's loan) to testify to a conversation she had with V.B.P. Detective Everette prior to his arrival at Mr. Engle's vehicle (and scene of arrest); in which Mary McLeod asked to come and take possession of and responsibility for the vehicle in question, and was told by V.B.P. Detective Everette that "no one could take possession of the vehicle, because he was taking it for evidence".

(18) V.B.P. Officer Shank and Detective Everette testified that nobody was available to take responsibility for Mr. Engle's vehicle.

(19) Immediately after being placed in V.B.P.O. Cahill's vehicle, Mr. Engle told V.B.P.O. Cahill to leave his vehicle where it was; that Mr. Engle stayed at the house, and the vehicle was locked up and safe. After which, Mr. Engle asserted his right to counsel, and was taken to the police station and interrogated by V.B.P. Detective Everette.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

No: ✓

(2) If you did not raise this issue in your direct appeal, explain why:

Defense counsel refused to raise the issue.

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?    No: ✓

GROUND TWO: Ineffective Assistance of Counsel- Defense counsel's performance fell below an objective standard of reasonableness when they did not raise the issue of supressing the evidence found during the search of Mr. Engle's vehicle in Mr. Engle's direct appeal.

    Mr. Engle was prejudiced by defense counsel's ineffectiveness by the fact that the appeals court did not consider the supression issue.

    (a) Supporting facts: (1) Defense

counsel did not raise the supression issue of Mr. Engle's vehicle search in Mr. Engle's direct appeal.

(2) Mr. Engle's conviction was not overturned, because evidence was not supressed; therefore Count One of the indictment remained, which significantly increased Mr. Engle's sentencing guidelines, and Mr. Engle was charged a $100.00 Special Assessment fee for Count One.

(3) Mr. Engle is entitled to effective assistance of counsel.

(4) If defense counsel would have raised the issue of supression in Mr. Engle's direct appeal, the court of appeals would have reviewed the issue, and ruled on the issue.

(5) If the court of appeals had ruled in favor of Mr. Engle with

regards to the supression issue; Count One of the indictment would have been overturned, lowering Mr. Engle's sentencing guidelines, voiding the $100.00 Special Assessment, and granting Mr. Engle a new trial.

(b) Direct Appeal of Ground Two:
(1) If you appealed from the judgment of conviction, did you raise this issue? No: ✓

(2) If you did not raise this issue in your direct appeal, explain why: Defense counsel refused to raise the issue.

(c) Post-Conviction Proceedings:
(1) Did you raise this issue in any

post-conviction motion, petition, or application?  No: ✓

GROUND THREE: Ineffective Assistance of Counsel – Defense counsel's performance fell below an objective standard of reasonableness when they failed to subpoena A.M. as a witness, and failed to question A.M. as to certain facts that would have placed A.M.'s testimony under severe scrutiny, and placed A.M.'s credibility into question.

Mr. Engle was prejudiced by defense counsel's ineffectiveness by the fact that Mr. Engle was convicted of Count One of the indictment, which increased Mr. Engle's sentencing guidelines, and charged

Mr. Engle a $100.00 Special Assessment fee for Count One.

(a) Supporting facts: (1) Mr. Engle has the right to effective assistance of counsel.

(2) Defense counsel did not subpoena A.M. as a defense witness.

(3) Defense counsel did not question A.M. as to how many older men and women A.M. met for sexual encounters off the internet, and how often.

(4) Defense counsel did not question A.M. as to how many sexually explicit videos she has made.

(5) Defense counsel did not question A.M. as to how many other men are currently in prison for the same types of charges as Mr.

Engle (One in specific is a man named Rex), wherein A.M. is listed as the alleged victim. Also, for how many years (time-frame) A.M. has been listed as an alleged victim in several criminal cases.

(6) Defense counsel did not question A.M. as to her facination with roleplay, and acting out victim scenes from the television show "Law and Order S.V.U.".

(7) Defense counsel did not question A.M. as to the fact that A.M. specifically sought out older men and women online for sexual encounters and misrepresented her age as over Eighteen years old.

(8) Defense counsel did not question A.M. regarding her cell phone records

which help prove issues 3, 5, and 7.

(9) Defense counsel did not subpoena A.M.'s school records to show if A.M. lied about having school the day after she met Mr. Engle in person for the first time, or if her school was closed.

(10) Defense counsel did not question A.M. as to her cell phone records placing her with Mr. Engle on both nights at the Super 8 hotel, when A.M. testified to only being there one night.

(11) Defense counsel did not question A.M. as to her addiction to prescription drugs, and to Mr. Engle trying to help A.M. get clean.

(12) Defense counsel did not question A.M. as to her alcohol of choice

being vodka (which A.M. ordered Mr.
Engle to purchase).

(13) Defense counsel did not question
A.M. about A.M. inviting her 16-year-
old friend Kayla to the Super 8
hotel with her (A.M.) and Mr. Engle
for vodka and sexual encounters,
which Mr. Engle refused because
A.M.'s friend Kayla was under
18 years of age.

(14) Defense counsel did not question
A.M. about a conversation she
had with Mr. Engle, in which Mr.
Engle stated he was going to try
to help a female friend of his
(K.M.) keep her baby, after K.M.
was allegedly raped, and A.M.
strongly objected.

(15) Defense counsel did not file a

motion to have A.M.'s testimony sealed, and file a motion to have the courtroom closed to the public during A.M.'s testimony.

(16) A.M.'s parents were sitting directly behind the prosecution during A.M.'s testimony, which prevented A.M. from testifying truthfully regarding her relationship with Mr. Engle, and the fact that A.M. made the video in Count One of the indictment.

(17) Defense counsel did not question A.M. about the fact that she considered herself engaged to Mr. Engle at the time of his arrest, and found out that Mr. Engle allegedly cheated on her when she was interviewed by the F.B.I.

(18) Defense counsel did not question A.M. regarding the fact that A.M. repeatedly asked Mr. Engle to come visit her up until Mr. Engle's arrest in October 2008, and the only reason Mr. Engle could not visit A.M. after May 2008 was that Mr. Engle had financial difficulties.

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue? No: ✓

(2) If you did not raise this issue in your direct appeal, explain why: Defense counsel refused to raise the issue.

(C) Post-Conviction Proceedings:
  (1) Did you raise this issue in
  any post-conviction motion,
  petition, or application?
        No: ✓


GROUND FOUR: Ineffective
Assistance of Counsel — Defense
counsel's performance fell below
an objective standard of reasonableness
when they failed to properly raise
the issue of improper venue on
count one of the indictment in
two aspects.
     Mr. Engle was prejudiced
by defense counsel's ineffectiveness
by the fact that venue for
count one was improperly
decided. If venue would have

been properly addressed by defense counsel, the outcome of the trial would have been different.

(a) Supporting facts : (1) Mr. Engle has the right to effective assistance of counsel.

(2) Mr. Engle has the right to be tried in the district in which the alleged criminal offense occurred.

(3) Every aspect of Count One occurred in Pennsylvania.

(4) Defense counsel did not raise the issue of venue for count one with the jury, which the court of appeals stated would have been proper.

(5) Courts have consistently ruled that with regard to Exploitation

or Production charges, a continuing offense would involve continued production (ex: downloading to an electronic device), distribution, or viewing. Mr. Engle's case involves none of these facts.

(6) The government dismissed Count Two (Possession) of the indictment in order to prevent Mr. Engle from introducing the fact that he believed A.M. was over Eighteen years of age, and Count Two was the only offense involving the video camera in the venue of Virginia.

(b) Direct Appeal of Ground Four:
(1) If you appealed from the judgment of conviction, did you raise this

issue? Venue issue = Yes: ✓
The above venue issues = No: ✓
(2) If you did not raise this issue
in your direct appeal, explain why:
Defense counsel chose not to
raise these points.

(c) Post-Conviction Proceedings:
(1) Did you raise this issue in any
post-conviction motion, petition, or
application? No: ✓

GROUND FIVE: Ineffective
Assistance of Counsel — Defense
counsel's performance fell below
an objective standard of
reasonableness when they failed
to file a motion to allow Mr.
Engle to testify solely to Count

One of the indictment.

Mr. Engle was prejudiced by defense counsel's ineffectiveness by the fact that the jury did not hear Mr. Engle's side of his relationship with A.M.

(a) Supporting facts: (1) Defense counsel did not file a motion to allow Mr. Engle to testify soley as to Count One.

(2) Mr. Engle has the right to effective assistance of counsel.

(3) Mr. Engle has the right to testify in his defense.

(4) Had Mr. Engle testified soley as to count one; the outcome of the trial regarding count one would have been different.

(5) Mr. Engle's sentencing guidelines

were increased by the conviction on Count One.

(6) Mr. Engle was fined a $100.00 Special Assessment fee for Count One.

(b) Direct Appeal of Ground Five:

(1) If you appealed from the judgment of conviction, did you raise this issue? No: ✓

(2) If you did not raise this issue in your direct appeal, explain why: Defense counsel refused to raise the issue.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application? No: ✓

GROUND SIX: Ineffective Assistance of Counsel - Defense counsel's performance fell below an objective standard of reasonableness when they failed to raise the issues they raised in Mr. Engle's Rule 29(c)- Motion For Judgment of Acquittal, in Mr. Engle's direct appeal.

Mr. Engle was prejudiced by defense counsel's ineffectiveness because the court of appeals did not review the Rule 29(c) issues, and therefore did not rule on the issues.

(a) Supporting facts: (1) Mr. Engle has the right to effective assistance of counsel.

(2) Had the court of appeals reviewed the issues and decided in Mr. Engle's favor, Counts 1, 6, 7, 8, 9, 10, 11, and 14 would have been acquitted, Mr. Engle's sentencing guidelines would have been drastically reduced, and several of the $100.00 Special Assessment fees would have been voided.

(3) Mr. Engle has the right to an acquittal if the government fails to prove guilt beyond a reasonable doubt.

(4) The visual depiction in count one shows that no persuasion, inducement, enticement, or use was either attempted or necessary.

(5) The video from count one shows that A.M. was very much in charge

of the encounter, directing the action in all respects.

(6) The government failed to prove that K.M. was under the age of Eighteen for counts six, seven, and eight.

(7) The government failed to connect a birth certificate for a person with the initials K.M. to the K.M. in counts six, seven, and eight of the indictment.

(8) The government did not subpoena K.M. or her parents for Mr. Engle's trial.

(9) Mr. Engle was incarcerated when each alleged criminal act in counts six, seven, and eight occurred; therefore making it impossible for Mr. Engle to have

taken a "substantial step" toward the completion of these counts.

(10) The evidence on Counts six, seven, and eight was insufficient to support the jury's verdict of guilty.

(11) Regarding counts nine, ten, and eleven; there is no evidence that Mr. Engle sought to hinder any communication to a law enforcement officer, as that term is defined by the instructions.

(12) The evidence for Count Fourteen are conditional musings of an incarcerated defendant; there is no specific request, demand, or suggestion to constitute proof beyond a reasonable doubt that Mr. Engle tampered with a

witness.

(b) Direct Appeal of Ground Six:
(1) If you appealed from the judgment of conviction, did you raise this issue? No: ✓
(2) If you did not raise this issue in your direct appeal, explain why: Defense counsel failed to raise the issue.

(c) Post-Conviction Proceedings:
(1) Did you raise this issue in any post-conviction motion, petition, or application? No: ✓

GROUND SEVEN: Ineffective Assistance of Counsel - Defense counsel's performance fell below

an objective standard of
reasonableness when they failed
to raise the issue upon direct
appeal, of the Motion to Withdraw
as Mr. Engle's counsel that defense
counsel filed on March 2, 2010.
Defense counsel's performance
also fell below an objective
standard of reasonableness when
they failed to adequately
question Katherine Owens (A.K.A.
Sasha) during cross-examination
at Mr. Engle's trial.

Mr. Engle was prejudiced
by defense counsel's ineffectiveness
in two aspects: (1) The appeals
court did not review the Motion
to Withdraw; and (2) Katherine Owens
credibility was not challenged.

(a) Supporting facts: (1) Mr. Engle has the right to unbiased effective assistance of counsel.

(2) Defense counsel filed a Motion to Withdraw as Mr. Engle's counsel due to the fact that defense counsel had a personal relationship with the parents of the government witness Katherine Owens; and defense counsel, and co-counsel would not be able to effectively represent Mr. Engle, or question Katherine Owens.

(3) Defense counsel did not raise the issue of the Motion to Withdraw, in Mr. Engle's direct appeal.

(4) Defense counsel had a conflict of interest when they continued to represent Mr. Engle.

(5) Had new counsel been appointed to represent Mr. Engle it would have changed the outcome of the trial.

(6) To prove the counts brought forth in the indictment, the government had to prove beyond a reasonable doubt that K.M. was with Mr. Engle at 4817 Westgrove during the specific time frame between August 30, 2008 and September 16, 2008.

(7) Rustem Zaripov testified that Mr. Engle has only ever brought one female with him to 4817 Westgrove, and that the female looked and acted over the age of eighteen; and Mr. Zaripov did not identify K.M. as the female

Mr. Engle had with him at 4817 Westgrove.

(8) Katherine Owens testified that Mr. Engle has only ever brought one female with him to 4817 Westgrove; and that Mr. Engle brought the female at the end of September 2008, and the female was still with Mr. Engle in October 2008 when Mrs. Owens moved out.

(9) Mr. Engle is under no legal obligation to bring forth the female who was with him in October 2008 at 4817 Westgrove.

(10) Due to defense councel's personal relationship with Katherine Owen's parents, defense counsel refused to subpoena Katherine

Owen's parent's bank records which show the deposit they paid by check for Katherine Owens to move into her new residence in October 2008. This evidence would have proved an improper timeline for the indictment against Mr. Engle, since the female with Mr. Engle in October 2008 could not have K.M., who was in South Carolina in October 2008.

(11) Defense counsel did not question Katherine Owens regarding the process of identifying photos of K.M. that the government used.

(12) Defense counsel did not question Katherine Owens regarding her

intimate relationship with Rustem Zaripov.

(13) Mr. Zaripov's arrest gave reason for Katherine Owens and Rustem Zaripov to be angry at Mr. Engle, and conspire to give false testimony regarding Mr. Engle.

(14) Defense counsel did not question Katherine Owens as to if the female with Mr. Engle in October 2008 ever joined them at nightclubs requiring all the customers to be over the age of eighteen.

(15) Due to defense counsel's relationship with Mrs. Owen's parents; defense counsel refused to raise any issue of credibility regarding Mrs. Owen's, due to

her questionable marriage to Damir Abdullaev.

(16) Defense counsel, and co-counsel allowed the personal relationship with Katherine Owen's parents to adversely affect the cross-examination of Mrs. Owens, and this prejudiced Mr. Engle.

(17) Had defense counsel's performance been proper with regards to Mrs. Owens, the outcome of the trial would have been different.

(18) Katherine Owens testimony was used to convict Mr. Engle on the thirteen count indictment.

(b) Direct Appeal of Ground Seven:
   (1) If you appealed from the judgment of conviction, did you

raise this issue? No: ✓

(2) If you did not raise this issue
in your direct appeal, explain why:
Counsel was ineffective, and did
not raise the issue.

(c) Post-Conviction Proceedings:
(1) Did you raise this issue in
any post-conviction motion,
petition, or application? No: ✓

GROUND EIGHT: Ineffective
Assistance of Counsel regarding
Jury Selection — Defense counsel's
performance fell below an objective
standard of reasonableness when
counsel failed to make certain
objections during jury selection,
and failed to raise the Batson

challenge in Mr. Engle's direct appeal.

Mr. Engle was prejudiced by defense counsel's ineffectiveness by the fact that Mr. Engle was convicted of a 13 count indictment by the jury in question; sentenced to 480 months in prison; and fined $1,300.00 in Special Assessment fees.

(a) Supporting facts: (1) Mr. Engle has the right to effective assistance of counsel.

(2) Mr. Engle has the right to a jury trial.

(3) Mr. Engle has the right to have an unfettered jury.

(4) The government struck 7

jurors that were all males, and mostly young males.

(5) During jury selection, Mr. Engle was a young male defendant.

(6) The government gave no legitimate reason for striking only 7 male jurors.

(7) The court stated that it would place Mr. Pope back on the jury, and defense counsel agreed.

(8) Defense counsel failed to object when the court failed to place Mr. Pope back on the jury as previously ruled on.

(9) Defense counsel failed to raise the Batson challenge in Mr. Engle's direct appeal.

(10) Jury selection and right to

effective assistance of counsel
are the 2 most important
aspects of a trial.
(11) Had Mr. Pope been placed back
on the jury as ruled on, the
outcome of the trial would
have been different.
(12) Had the Batson challenge been
raised in Mr. Engle's direct
appeal, the court of appeals
would have reviewed the issue,
and ruled on the issue. Had
the court of appeals ruled in
Mr. Engle's favor; Mr. Engle
would have been granted a
new trial, with a new outcome.

(b) Direct Appeal of Ground Eight:
(1) If you appealed from the

judgment of conviction, did you raise this issue? No: ✓

(2) If you did not raise this issue in your direct appeal, explain why: Defense counsel refused to raise the issue.

(c) Post-Conviction Proceedings:
(1) Did you raise this issue in any post-conviction motion, petition, or application? No: ✓

GROUND NINE: Ineffective Assistance of Counsel— Defense counsel's performance fell below an objective standard of reasonableness when they failed to object to the introduction of alleged statements written

by the alleged victim K.M.

Mr. Engle was prejudiced by defense counsel's ineffectiveness by the fact that the statements were entered into evidence, and used to convict Mr. Engle of several counts which Mr. Engle received prison sentences, and $100.00 Special Assessment fees.

(a) Supporting facts : (1) Mr. Engle has the right to effective assistance of counsel.

(2) The government introduced two letters written by K.M. into evidence, and claimed they were false statements written in third person at Mr. Engle's request.

(3) Defense counsel did not object to the introduction of the 2 letters from K.M.

(4) Mr. Engle has the right to confront and question K.M. regarding these letters.

(5) The government did not subpoena K.M. for Mr. Engle's trial, therefore Mr. Engle's right to confrontation was denied.

(6) The 2 letters written by K.M. were taken out of context. The government alleges that they are false statements, written in third party form, at the request of Mr. Engle. In reality the 2 letters were written by K.M. to her mother C.M., and pre-date

any request from Mr. Engle, and make sense when read in the proper context.

(7) Without the letters; or the letters read in proper context; the outcome of the trial would have been different.

(b) Direct Appeal of Ground Nine:

(1) If you appealed from the judgment of conviction, did you raise this issue? No: ✓

(2) If you did not raise this issue in your direct appeal, explain why: Defense counsel refused to raise the issue.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in

any post-conviction motion, petition, or application? No: ✓

GROUND TEN: Ineffective Assistance of Counsel — Defense counsel's performance fell below an objective standard of reasonableness when counsel failed to raise the issue of Mr. Engle's motion for New Trial (originally filed on 3-19-10); in Mr. Engle's direct appeal.

Mr. Engle was prejudiced by defense counsel's ineffectiveness by the fact that the court of appeals did not review and rule upon Mr. Engle's Motion For New Trial.

(a) Supporting facts: (1) Mr. Engle

has the right to effective assistance of counsel.

(2) Defense counsel originally filed Mr. Engle's Motion For New Trial on 3-19-10, which the district court denied.

(3) The prosecutor, in his final summation to the jury, made an improper argument to the jury.

(4) The prosecutor's comments to the jury improperly shifted the burden of proof to the defendant, Mr. Engle.

(5) Defense counsel failed to object to the prosecutor's improper comments to the jury at the time they were stated.

(6) It is axiomatic that the burden of proof lies with the

government, and this burden never shifts to the defendant.

(7) The law never imposes a duty of calling any witnesses.

(8) The suggestion that these witnesses were available to Mr. Engle was not true in fact.

(9) The prosecutor's suggestion that the defense could have subpoenaed the witnesses, after having successfully resisted the defendant's efforts to locate and interview them, was improper argument constituting plain and prejudicial error.

(10) Mr. Engle had filed a pre-trial Motion to Compel the witnesses location in order to interview them, which the district court

denied.

(11) Mr. Engle has the right to interview witnesses prior to trial.

(12) In his final argument to the jury on Counts 9, 10, and 11, counsel for Mr. Engle raised the fact that evidence showed that Mr. Engle did not seek to hinder or delay a law enforcement officer, and therefore did not violate 18 U.S.C. § 1512 (b) as charged in the indictment.

(13) In its final charge to the jury, and seemingly in direct response to (fact (12)), the Court expanded upon the definition of "law enforcement officer".

(14) Defense counsel objected to

the Court's final charge to the jury in (fact (13)), and the Court's curative instruction was ineffective.

(15) Where the initial charge is erroneous and the district court's attempt to cure the error is ineffective and likely left the jury in a state of confusion prejudicial to the defendant, reversible error has occurred.

(16) Mr. Engle has the right to a non-prejudicial trial by jury.

(b) Direct Appeal of Ground Ten:
  (i) If you appealed from the judgment of conviction, did you raise this issue? No: ✓
  (2) If you did not raise this issue in your direct appeal, explain

why: Defense counsel refused to raise the issue.

(c) Post-Conviction Proceedings:
  (1) Did you raise this issue in any post-conviction motion, petition, or application?    No: ✓

GROUND ELEVEN: Ineffective Assistance of Counsel— Defense Counsel's performance fell below an objective standard of reasonableness when they failed to properly question certain witnesses; failed to raise certain objections during Mr. Engle's trial; failed to subpoena certain witnesses; failed to introduce certain evidence; and failed to file certain pre-trial

motions, and raise certain pre-trial motions as direct appeal issues.

Mr. Engle was prejudiced by the fact that counsel did not provide effective assistance of counsel, wherefore Mr. Engle was convicted of 13 Counts, sentenced to 480 months in prison, and fined $1,300.00 in Special Assessment fees. Had defense counsel provided effective assistance of counsel, the outcome of the trial would have been different.

(a) Supporting facts: (1) Mr. Engle has the right to effective assistance of counsel.
(2) The government moved to release S.C.P. Detective Tysha

Bracken as a witness, to which Mr. Engle objected, and defense counsel later conceded to without Mr. Engle's permission.

(3) Tysha Bracken would have been questioned about the existence of exculpatory statements written by K.M. on 9-18-08 that were official police statements; and as to why these exculpatory police statements were with-held from Mr. Engle's discovery from 9-18-08 thru February 2010. (Over 2 years).

(4) Tysha Bracken would have been questioned regarding why none of her investigation/interview reports in Mr. Engle's discovery, report any alleged criminal offenses by Mr. Engle, and as to what

probable cause initially existed to
file the initial kidnapping warrant
on Mr. Engle.

(5) Mr. Engle has the right to
have all exculpatory/Brady material
presented in discovery, within
a reasonable time frame.

(6) Tysha Bracken should have been
questioned regarding the fact that
the government and law enforcement
with-held a key exculpatory police
statement from K.M., for the
sole purpose of preventing Mr.
Engle from obtaining bond.

(7) By denying Mr. Engle bond, the
government and law enforcement
was able to bypass the warrant
requirement to monitor Mr. Engle's
communications; and force Mr. Engle

into the situation where Mr. Engle's only means of communications were, (telephone, video visits, and letters), which all fell under federal law.

(8) Twelve of the thirteen counts in the indictment occurred as a result of Mr. Engle being held in custody without bond.

(9) Mr. Engle has the right to bond.

(10) Defense counsel did not file a Motion of Government misconduct.

(11) Defense counsel did not raise the issue of entrapment to the jury.

(12) Mr. Engle has been thru two state speedy trial deadlines, and Mr. Engle has never been tried or convicted of any of the state charges initially used to arrest

Mr. Engle, and hold him in custody while the Federal Charges occured.

(13) Counts 3-14 of the indictment all occurred as a direct result of the specific situation the government placed Mr. Engle in.

(14) Agent James Talley testified during Mr. Engle's trial that the video camera in count one had no independent memory.

(15) Defense counsel did not raise the issue that the video camera in count one did in fact have a small independent memory with photos of Mr. Engle with friends at 311 33rd. Street, proving Mr. Engle's connection to 311 33rd Street, and discrediting the

government's claim of Mr. Engle providing Jim Perry with a false address of where Mr. Engle was.

(16) Defense counsel did not subpoena a particular women (from Damir Abdullaev's Facebook page) — who would have testified that: (a) She was with Damir at 4817 Westgrove in September 2008; (b) K.M. was not at 4817 Westgrove in September 2008 with Mr. Engle; (c) She had a sexual relationship with Mr. Abdullaev; (d) Mr. Abdullaev had a questionable marriage; (e) Katherine Owens and Rustem Zaripov had a relationship.

(17) Defense counsel did not raise the issue that there is

no notable difference between the communications used to charge Mr. Engle with witness tampering, and the communications used to charge Mr. Engle with Enticement (Counts 6, 7, and 8).

(18) Defense Counsel did not argue the fact that every communication act by Mr. Engle had one single point : To obtain Mr. Engle's freedom. Counts 6, 7, and 8 were no different.

(19) The Enticement charges (Counts 6, 7, and 8) had no intent or any "substantial step", other than for Mr. Engle to obtain his release.

(20) Counts 6, 7, and 8 were at most "alleged witness tampering"; Mr. Engle allegedly communicating to K.M. everything she wanted

to hear from him in order to obtain Mr. Engle's release.

(21) Mr. Engle had made all necessary arrangements to return home with his family to Tennessee upon his release.

(22) Mr. Engle had made NO actual arrangements to ever travel to South Carolina upon his release.

(23) The handwriting on the letters used as evidence against Mr. Engle was never verified to be Mr. Engle's handwriting. Defense counsel did not raise this issue.

(24) Defense counsel did not raise the issue of "the best evidence rule".

(25) The government had the

ability to subpoena K.M. and her parents to tesify as to age and voice recognition; and the government chose not to.

(26) Defense counsel offered no defense at trial. Counsel called no witnesses.

(27) Had defense counsel raised the above issues (1-26), the outcome of the trial would have been different.

(b) Direct Appeal of Ground Eleven:

(1) If you appealed from the judgment of conviction, did you raise this issue? No: ✓

(2) If you did not raise this issue in your direct appeal, explain why: Defense counsel

refused to raise the issue.

(c) Post-Conviction Proceedings:
(1) Did you raise this issue in any post-conviction motion, petition, or application? No: ✓

GROUND TWELVE: Ineffective Assistance of Counsel — Defense counsel's performance fell below an objective standard of reasonableness when they failed to raise certain issues concerning Chad Rice, Justin Rice, Rustem Zaripov, and Mr. Engle's right to privacy during pre-trial incarceration.

Mr. Engle was prejudiced by defense counsel's ineffectiveness because the jury relied upon

improper evidence and testimony in reaching a verdict, upon which Mr. Engle was found guilty of 13 Counts, sentenced to 480 months in prison, and fined $1,300.00 in Special Assessment fees.

(a) Supporting facts: (1) Mr. Engle has the right to effective assistance of counsel.

(2) The government called Chad Rice, Justin Rice, and Rustem Zaripov as government witnesses against Mr. Engle.

(3) Defense counsel did not object to the government "leading" Mr. Zaripov's testimony.

(4) Mr. Zaripov testified that Exhibit 27 of the government's

(blue-colored bed sheets) "USED" to be his sheets, (past-tense).

(5) Mr. Zaripov signed a cooperation plea bargain with the government, and therefore had reason to give false testimony against Mr. Engle.

(6) Mr. Zaripov was prepared to testify in Mr. Engle's defense for Mr. Engle's state charges (that were dismissed) prior to Mr. Zaripov's arrest.

(7) Unlike the other residents that lived at 4817 Westgrove with Mr. Engle who were all subpoenaed to give Grand Jury testimony and statements regarding Mr. Engle, the government did not take any official statement or testimony from Mr. Zaripov

until after Mr. Zaripov was arrested, and had reason to give false testimony about Mr. Engle.

(8) Defense counsel did not try to introduce the matching bedspread and pillow shams from Mr. Engle's home, that match the sheets from government exhibit 27 in order to discredit Mr. Zaripov's testimony.

(9) Defense counsel failed to question Mr. Zaripov as to how often he visited New York.

(10) Mr. Zaripov testified that he was in New York when Mr. Engle called him to ask about staying at 4817 Westgrove.

(11) Mr. Zaripov testified that he was unsure as to what date, or

month Mr. Engle and the female were at 4817 Westgrove, however Kathrine Owen testified that it was definitely October 2008.

(12) The cell phone records for Mr. Engle's phone that were entered into evidence by the government clearly show that Mr. Zaripov is located in Virginia during the phone call in which the government claims Mr. Engle called to ask about staying at 4817 Westgrove with a female, and Mr. Zaripov was clear that he was in New York City when he received the call.

(13) The government had to prove that K.M. was with Mr. Engle for the specific time-frame of

8-30-08 thru 9-16-08, and defense counsel failed to raise fact (12) which would have proven improper time-line.

(14) Mr. Engle is under no legal obligation to produce the female with him at 4817 Westgrove in October 2008.

(15) Defense counsel did not question Mr. Zaripov about his relationship with Mrs. Owen.

(16) Mr. Zaripov did not testify to recognizing Mr. Engle's handwriting on letters, or to receiving the letters by U.S. postal mail as the indictment states.

(17) Defense counsel did not raise issues that Chad Rice and Justin Rice had to give false

testimony regarding Mr. Engle.

(18) Chad Rice was arrested and given a very light sentence in exchange for cooperation.

(19) Chad Rice seeked assistance with his wife Marie's immigration issues.

(20) Mr. Engle's sentencing involved an alleged map of Mr. Rice's home.

(21) Justin Rice testified that he overheard a conversation between Chad Rice and Shawn Engle about Mr. Engle's alleged sexual relationship with K.M.; however, Mr. Chad Rice testified that he and Mr. Engle never had such a conversation.

(22) Justin Rice testified that Mr.

Engle said that K. was from South Carolina; yet Chad Rice testified that Mr. Engle has never mentioned South Carolina, and that Mr. Engle said K. was from Virginia.

(23) Justin Rice testified that he saw a female with Mr. Engle in mid-August 2008, yet K.M. was missing from 9-1-08 thru 9-16-08 according to the government.

(24) Chad Rice and Justin Rice claim that communications with Mr. Engle ended in mid-August 2008, and did not restart until Mr. Engle's arrest; the government claims Mr. Engle's first in-person meeting with K.M. was 8-26-08, yet Justin Rice testified that he

overheard Mr. Engle talking about sexual encounters with a female named K prior to mid-August 2008.

(25) Chad Rice testified that there may be two females named K.

(26) Chad Rice and Justin Rice questioned and interviewed Mr. Engle for the government (using visits, phone, and letters) while Mr. Engle was in pre-trial custody without Mr. Engle's counsel.

(27) The government allowed Chad Rice and Justin Rice to listen to the jailhouse phone recordings allegedly between Mr. Engle and K.M. ; therefore corrupting C.R. and J.R.'s testimonies, by giving them information they previously did not have.

(28) The Virginia Beach Jail charges inmates a fee for housing; this fee constitutes rent; and rent constitutes right to privacy.

(29) As a pre-trial inmate, Mr. Engle had the right to have unmonitored communications.

(30) Defense counsel did not move to supress any communications from Mr. Engle while in pre-trial custody, and any "fruits" from these communications.

(b) Direct Appeal of Ground Twelve:

(1) If you appealed from the judgment of conviction, did you raise this issue? No: ✓

(2) If you did not raise this issue in your direct appeal, explain why:

Defense counsel chose not to.

(6) Post-Conviction Proceedings:
(1) Did you raise this issue in any post-conviction motion, petition, or application? No: ✓

GROUND THIRTEEN:
Ineffective Assistance of Counsel-
Defense counsel's performance fell below an objective standard of reasonableness when they failed: to move for a venue change based on publicity; to raise the issue of Special Jury Instructions and Special Jury Verdict Form on Mr. Engle's direct appeal; to raise issues regarding witness tampering and obstruction counts; to raise

in Mr. Engle's direct appeal, the Motion to Compel K.M.'s location; to subpoena K.M. to testify; to file a supression motion for the video in count one based on lack of probable cause; to raise issues of sentencing entrapment; and failed to raise the issue of an excessive sentence in Mr. Engle's direct appeal.

Mr. Engle was prejudiced by defense counsel's ineffectiveness by the fact that Mr. Engle was convicted of 13 counts, sentenced to 480 months in prison with lifetime supervised release, and fined $1,300.00 in Special Assessment fees. Had defense counsel been effective, the outcome of the trial and

if necessary, the appeal, would have been different.

(a) Supporting facts: (1) Mr. Engle has the right to effective assistance of counsel.

(2) Mr. Engle has the right to an unbiased trial by jury.

(3) Mr. Engle's case was highly publicized in the news.

(4) During Mr. Engle's supression hearing, V.B.P.O. Shank testified that Mr. Engle was on the news.

(5) Mr. Engle's counsel did not motion for a change of venue based on publicity.

(6) In Mr. Engle's direct appeal, defense counsel did not raise the issue of the district court

denying Mr. Engle's Special Jury Instructions and Special Jury Verdict Form.

(7) Defense counsel did not raise the issue regarding Counts 3, 4, and 5 - that at the time these letters were dated; Mr. Engle believed A.M. was over the age of eighteen.

(8) Defense counsel did not argue the fact that with regard to Counts 3, 4, 5, 12, and 13; Mr. Engle's sole purpose was to prevent females that Mr. Engle had a relationship with, from finding out about each other - (not to hide an alleged crime).

(9) Defense counsel did not raise

the issue that Mr. Rice did not identify Mr. Engle's handwriting.

(10) Defense counsel did not raise the fact that in regard to Counts 6, 8, 10, 11, 12, 13, and 14 that charge Mr. Engle with using "mail", not one person testified to actually receiving these letters by mail.

(11) With regard to Counts 6, 8, 10, 11, 12, 13, and 14 — none of the letters were in sealed envelopes when found.

(12) Defense counsel did not raise the issue that by April 2008 the residents of 4817 Westgrove had moved with no forwarding address (a U.S. Postal Service Fact);

Mr. Engle was aware of this; so the letters in counts 12, and 13 were never mailed.

(13) The letters used in counts 12 and 13 were allegedly found folded vertically (not folded like a mailed letter), sitting neatly on top of a trash pile with no envelopes.

(14) The state charges used to indict Mr. Engle on count 7 (Enticement) were for the state of South Carolina. The government specifically used the phrase "I won't make it out of the parking lot" from a phone conversation. Mr. Engle was in a Virginia jail,

speaking about a Virginia jail parking lot; therefore no alleged activity could violate the South Carolina laws used to enact Count 7 of the indictment.

(15) Defense counsel did not raise the issue of Mr. Engle's pre-trial Motion to Compel, on appeal.
(16) Mr. Engle has the right to interview witnesses, especially a key exculpatory witness.
(17) The government went out of the way to prevent defense counsel from interviewing K.M.

(18) Defense counsel failed to object to Ashley Reece testifying

Page 83

as to K.M.'s age.

(19) Defense counsel failed to subpoena K.M. to testify.

(20) K.M. would have testified that at the time Counts 6, 7, and 8 occurred; K.M. and Mr. Engle were under the impression that the legal age of marriage for a female in S.C. with parental consent was 14, and were not aware the law had changed.

(21) K.M. would have testified the she and Mr. Engle had every intention of being legally married, and no intent on violating any S.C. laws.

(22) K.M. would have testified

that she never wanted Mr. Engle prosecuted.

(23) K.M. would have testified that all previous statements against Mr. Engle were coerced, and law enforcement specifically directed K.M. on what to say.

(24) K.M. would have testified that law enforcement made her view the video from count one, in order to make her upset, and then directed her to give coerced statements.

(25) K.M. would have testified to Mr. Engle's innocence to the original S.C. kidnapping warrant used to arrest and hold Mr. Engle in custody, and to S.C.P.O. Jim Perry's full knowledge of

Mr. Engle's innocence prior to filing the initial S.C. Kidnapping warrant against Mr. Engle.

(26) K.M. would have testified that Mr. Engle never told her not to say anything, as N.C. Deputy Hathaway testified to.

(27) K.M. would not have testified to her age.

(28) If Mr. Engle would have been convicted on any count, K.M. would have testified that she desired an extreme downward departure from the sentencing guidelines for Mr. Engle.

(29) No evidence, witness or victim statements existed at

the time of Mr. Engle's arrest, to support any search of Mr. Engle's video camera.

(30) Law enforcement lacked any probable cause to search Mr. Engle's video camera in October 2008.

(31) A law enforcement officer's belief, does not constitute probable cause.

(32) Defense counsel did not file a motion to supress the video camera from count one, based on no probable cause to search it. Mr. Engle was hurt by defense counsel's ineffectiveness because the government used the video as Key evidence to convict Mr. Engle, and for the

Forfeiture aspect of the indictment.

(33) Defense counsel did not bring up the fact that the text messages from K.M.'s phone used in evidence were all responses to a police officer who took K.M.'s phone; certain messages were deleted by police in order to misinterpret context; Mr. Engle's phone records prove the amount of texts; and K.M.'s testimony would verify this.

(34) Defense counsel failed to move for supression of K.M.'s phone.

(35) Mr. Engle's sentence was well above the guidelines.

(36) The issues that raised Mr.

Engle's sentence were never brought up during trial, and never decided by a jury.

(37) The issues used to raise Mr. Engle's sentence were improper in the fact that Mr. Engle had never been tried, or convicted of the issues; therefore Mr. Engle was opened up for punishment/sentencing while denying Mr. Engle any due process and defense against the allegations.

(38) Neither A.M. or K.M. ever wanted Mr. Engle prosecuted, or punished.

(39) Trial evidence did not justify a sentence beyond Mr. Engle's sentencing guidelines.

(4o) Defense counsel did not raise the issue of Mr. Engle's excessive sentence in Mr. Engle's direct appeal.

(b) Direct Appeal of Ground Thirteen:
   (1) If you appealed from the judgment of conviction, did you raise this issue?   No: ✓
   (2) If you did not raise this issue in your direct appeal, explain why: Defense counsel refused to raise the issue.

(c) Post-Conviction Proceedings:
   (1) Did you raise this issue in any post-conviction motion, petition, or application? No: ✓

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Yes, Grounds One thru Thirteen are Ineffective Assistance of Counsel. Defense counsel failed to raise the issues.

14. Do you have any motion, petition, or appeal <u>now pending</u> in any court for the judgment you are challenging? No: ✓

15. Give the name and address, if known, of each attorney who represented you in the following

stages of the judgment you are challenging:

(a, b, c, d) At preliminary hearing; arraignment; trial; and sentencing:
Federal Public Defender
Richard Colgan and Larry Dash
150 Boush Street, Suite 403
Norfolk, Virginia 23510

(e) On Appeal:
Above Attorneys and;
Federal Public Defender
Frances Pratt
1650 King Street, Suite 500
Alexandria, Virginia 22314

16. Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging? No: ✓

18. NA

\* The Antiterrorism and Effective
Death Penalty Act of 1996 as
contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:

A one-year period of limitation
shall apply to a motion under this
section. The limitation period shall
run from the latest of —
(1) the date on which the judgment
of conviction became final;
(2) the date on which the
impediment to making a motion
created by governmental action
in violation of the Constitution
or laws of the United States

is removed, if the movant was prevented from making such a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Vacate Conviction

and Sentence for Counts One, and Counts Three thru Fourteen, of Mr. Engle's indictment, and grant acquittal to Mr. Engle of all counts, or any other relief to which movant may be entitled.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on: September 30, 2013.

Executed - ~~Shaun F. Engle~~ on September 30, 2013.

~~Shaun F. Engle~~

Signature of Movant

Shawn Engle
58772-083
United States Penitentiary
P.O. Box 24550
Tucson, Arizona 85734

Legal Mail

Attn: Clerk of Court



⬧58772-083⬧
Us District Court
600 Granby ST
4th Circuit, Norfolk Div.
Norfolk, VA 23510-1915
United States



UNITED STATES POSTAGE
U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300
PITNEY BOWES
02 1R
0000012108          $ 00.00⁰
SEP 30 2013
MAILED FROM ZIP CODE 8570









U.S. MARSHALS
INSPECTED